# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                    Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                                      Chapter 11

    Debtor.
_____/

GREGORY FAIA; *et al.,*

    Plaintiffs,

v.                                                        Adv. No. 8:21-ap-00333-CPM

SIGMUND SOLARES; *et al.*,

    Defendants.
_____/

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM SIGMUND SOLARES AND VIVIAN SOLARES CAHILL OF IMPROPERLY WITHHELD DOCUMENTS

Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC's (collectively the "**Plaintiffs**") hereby file this Motion to Compel Production from Sigmund Solares and Vivian Solares Cahill of Improperly Withheld Documents ("**Motion to Compel**"). In furtherance thereof, Plaintiffs state:

### Preliminary Statement

Over the course of nearly a year, Sigmund Solares ("**Solares**") and Vivian Solares Cahill ("**Cahill**") have withheld documents responsive to Plaintiffs' First Request for Production on the basis of an asserted attorney client privilege between Solares (as lawyer) and Cahill (as client). Initially, the exact nature and timing of this relationship has morphed considerably as this litigation developed-so the privilege described by and Solares and Cahill could be used to avoid

.

production or the consequences of claiming an attorney client relationship. Consistently, however, both and Solares and Cahill have represented to this Court and Plaintiffs that some such attorney-client relationship existed related to this dispute to justify withholding documents.

Recently, at the first chance for Cahill to testify, Cahill informed Plaintiffs that Sigmund Solares **does not represent her, has not represented her beyond one wholly unrelated matter many years ago, and is not her attorney in regard to this litigation or related to the Alleged Options**.

Over the course of nearly a year, Solares and Cahill have withheld relevant, responsive documents from Plaintiffs' without a factual or legal basis – even having their counsel file a declaration of Solares that now appears to be perjury.

Due to these actions, Plaintiffs' demand the immediate production of all items withheld based on a claim of attorney client privilege between Solares and Cahill and an award of the fees and costs incurred by Plaintiffs' due to the discovery misconduct, including this Motion to Compel and the prior fees and expenses addressing this falsely claimed privilege.

## Background

A. *Solares and Cahill Withhold Documents by Asserting that Sigmund Solares is Acting as An Attorney for Vivian Solares Cahill.*

Plaintiffs served their First Request for Production to Vivian Solares Cahill[1] on September 13, 2021 ("**V. Solares Cahill Document Request**") and served their First Request for Production on Sigmund Solares on October 1, 2021[2] ("**S. Solares Document Request**").

Solares served his Responses and Objections to the S. Solares Document Request[3] ("**S Solares Response to Document Request**") on Plaintiffs' on October 15, 2021. Shortly

---

[1] Attached as **Exhibit A**.
[2] Attached as **Exhibit B**.

thereafter, Cahill served her Responses and Objections to the V. Solares Cahill Document Request [4] ("**V. Solares Cahill Response to Document Request**") on Plaintiffs on October 28, 2021.

The S. Solares Response to Document Request contained the following response to a request for communications and documents between Solares and Cahill:

> 3. Please produce all Communications and Documents that you (or anyone on your behalf) sent to or received from Vivian Solares Cahill (or anyone on her behalf) from January 2010 until current which in any way reference Vernon Decossas; Greg Faia; Sigmund Solares; Michael Gardner as Executor; Sandra Gardner; DirectNIC, Ltd.; Parked.com, Ltd; Flying Stingrays, Ltd.; Snow Turtles, Inc.; The Producers, Inc.; DNC Holdings, Inc.; Domain Apps, LLC; Keypath, LLC; DSE Leasing, LLC; DOM Holdings, Inc.; Ads Squared, LLC; the Alleged Options; the Settlement; the Bankruptcy Case; Plan of Reorganization; the Solares/Gardner Adversary Proceeding; the Letters; or the Trustee Adversary Proceeding.
> Please include in your search and production any Communications between your attorneys and any attorneys for Vivian Solares Cahill.
>
> **RESPONSE:** Objection. This request seeks work product and attorney-client privileged communications. To the extent such documents exist, Solares will produce all non- privileged documents in his possession, custody, or control that were not previously produced.

*See* Exhibit C

Similarly, the Cahill Response to Document Request contained the following response to a request for communications and documents between  Solares and Cahill:

> 4. Please produce all Communications and Documents that you (or anyone on your behalf) sent to or received from Sigmund Solares (or anyone on his behalf) after September 12, 2019 which in any way reference Vernon Decossas; Greg Faia; Michael Gardner; Sandra Gardner; Vivian Solares Cahill; DirectNIC, Ltd.; Parked.com, Ltd; Flying Stingrays, Ltd.; Snow Turtles, Inc.; The Producers, Inc.; DNC Holdings, Inc.; Domain Apps, LLC; Keypath, LLC; DSE Leasing, LLC; DOM Holdings, Inc.; Ads Squared, LLC; the Alleged Options; the Settlement; the Bankruptcy Case; Plan of Reorganization; the Solares/Gardner Adversary Proceeding; or the Trustee Adversary Proceeding.

---

[3] Attached as **Exhibit C**.
[4] Attached as **Exhibit D**.

> Please include in your search and production any Communications between your attorneys and any attorneys for Sigmund Solares.
>
> **RESPONSE:** Objection. This request seeks Privileged Communications. Other than any responsive documents, if any, produced in the Solares/Gardner Production, Ms. Cahill is unaware of any documents responsive to this request; Ms. Cahill's search, however, is ongoing, and Ms. Cahill will produce any non-privileged documents in her possession, custody, or control that were not previously produced.

*See* Exhibit D

After receiving the above responses, Plaintiffs inquired further as to the basis for the assertion of privilege between Sigmund Solares and Vivian Solares Cahill, as no basis for the assertion was readily apparent in the written Responses. Counsel for Solares responded on November 1, 2022 by informing counsel for Plaintiffs that communication between Solares and Cahill were being withheld based on Cahill's status as a client of Solares. On November 22, 2021, Plaintiffs received Sigmund Solares's Privilege Log, which asserted that Solares had "provided legal advice to [Cahill] in connection with various matters since 1997, including the [d]emand [l]etter, enforcement of the [o]ptions." *See* Sigmund Solares Privilege Log attached as **Exhibit E** at pg. 1. To that end, the first privilege log served by Cahill included claims of privilege over communications between Solares and Cahill from earlier dates, such as 2013 and 2015, through this litigation that related to these Alleged Options. *See* Privilege Log of Vivian Solares Cahill served December 13, 2021 attached as **Exhibit F** at pg. 1.

In light of the asserted privilege between Solares and Cahill, during a hearing, counsel for Plaintiffs previewed certain consequences of Solares's assertion of an attorney client relationship concerning the Alleged Options, including the potential for testimonial waiver and that through Solares Cahill would be on notice of all of the events that occurred in the bankruptcy case.

After Plaintiffs' raised these arguments and consequents, Solares and Cahill made their first privilege claim pivot. They provided Plaintiffs with the First Supplement to Privilege Logs for Sigmund Solares and Michael Gardner[5] (the "**First S. Solares Supplement**") on January 6, 2022, which further described the attorney client relationship between Solares and Cahill. The First S. Solares Supplement represented that an attorney client relationship between Sigmund Solares and Vivian Solares Cahill only began in June of 2021, and related to, among other items, "advice concerning investigation, evaluating, and pursuit of claims and potential litigation to be filed by Vivian Cahill against Faia, Decossas, and others." Exhibit G at pg. 1

Then on January 19, 2022, Plaintiffs received an additional production of communications from Cahill that had been previously withheld premised on the assertion of attorney-client privilege between Solares and Cahill, the consequences of which they now sought to avoid, i.e. the implication of Cahill having notice of the Bankruptcy Case filings.

On January 28, 2022, Michael Gardner and Sigmund Solares filed their Second Motion for Protective Order (Attorney Engagement and Payment Information) (Doc. No. 74) ("**S. Solares Attorney Engagement MPO**"). In the S. Solares Attorney Engagement MPO, Sigmund Solares sought to prevent the disclosure of documents, based in part, on Sigmund Solares's asserted attorney client relationship with Vivian Solares Cahill. (Doc. No. 74 at ¶¶ 7, 9). In support of this assertion, Sigmund Solares submitted his Declaration of Sigmund Solares in Support of Defendants' Michael Gardner and Sigmund Solares Second Motion for Protective Order (Attorney Engagement and Payment Information) (the "**Jan 28 S. Solares Declaration**"). In the Jan 28 S. Solares Declaration, Sigmund Solares asserted under penalty of perjury that he had an ongoing attorney-client relationship with Vivian Solares Cahill, beginning in June 2021, and related to "advice concerning investigation,

---

[5] Attached as **Exhibit G**.

evaluating, and pursuit of claims and potential litigation to be filed by Vivian Cahill against Faia, Decossas, and others." See Doc. No. 74-2 at pg. 2.

On January 31, 2022 Vivian Solares Cahill and the Estate of Sandra Gardner filed their Motion for Protective Order (Attorney Engagements, Retainers, and Invoices) (Main Case Doc. No. 776)[6] ("**V. Solares Attorney Engagement MPO**").  In the V. Solares Attorney Engagement MPO, V. Solares Cahill sought to prevent the disclosure of documents, based in part, on an asserted attorney client relationship between Solares and Cahill. (Main Case Doc. No. 776 at ¶ 24).  In support of this assertion, Vivian Solares Cahill filed her Declaration in Support of Motions for Protective Order ("**Jan 31 V. Solares Cahill Declaration**").  In the Jan 31 V. Solares Cahill Declaration, Cahill asserted under penalty of perjury that "I [V. Solares Cahill] and the Estate of Sandra Gardner, engaged my brother, Sigmund Solares ("Mr. Solares"), to advise us concerning investigating, evaluating, and pursuing claims and potential litigation to be filed by us against Gregory Faia, Vernon Decossas, and others with regard to the options held and exercised by me [V. Solares Cahill] and the Estate [of Sandra Gardner] in three companies owned by Mr. Faia and Mr. Decossas – DNC Holdings, Inc, DOM Holdings, Inc., and Domain Apps, LLC…" *See* Main Case Doc. No. 776-1.

In addition to the improperly withheld attorney engagement information, on February 10, 2022 counsel for Cahill informed counsel for Plaintiffs' that Cahill had instructed Solares, acting in his role as Cahill's counsel to withhold any drafts of the letters that sought to exercise the alleged options sent to Plaintiffs on Cahills behalf.

On February 18, 2022, Plaintiffs filed their Response to Defendants' Sigmund Solares, Michael Gardner, Vivian Solares Cahill, and the Estate of Sandra Gardner F. Gardner's Motions for Protective Order (Doc. No. 89 and Main Case Doc. No. 786) ("**Plaintiffs Crime Fraud Motion**").

---

[6] References to "Main Case Doc. No. " refer to docket entries in Case No. 8:19-bk-08638-CPM pending in the United States Bankruptcy Court for the Middle District of Florida.

Plaintiffs Crime Fraud Motion sought, among other relief, the release of communications between Sigmund Solares and Vivian Solares Cahill, which Plaintiffs claimed had been improperly withheld under a claim of attorney client privilege.

In response to Plaintiffs Crime Fraud Motion, V. Solares Cahill and the Estate of Sandra Gardner filed their Reply to Plaintiffs' Response to Motion for Protective Order (Crime Fraud Exception) (Main Case Doc. No. 788) ("**V. Solares Cahill Crime Fraud Reply**") on February 21, 2022. In the V. Solares Cahill Crime Fraud Reply, Cahill devotes an entire section of argument describing how Cahill adequately established the existence of an attorney-client relationship with Solares.

Similarly, on March 17, 2022 Gardner and Solares filed their Reply to Plaintiffs' Response to Defendants' Sigmund Solares, Michael Gardner, Vivian Solares Cahill, and the Estate of Sandra F. Gardner's Motions for Protective Order (Doc. No. 103) ("**S. Solares Crime Fraud Reply**"). In the S. Solares Crime Fraud Reply, Sigmund Solares affirmatively identifies communications between himself and Cahill that are being withheld on the basis of an attorney client relationship between himself and Cahill.

B.  *Vivian Solares Cahill Testifies That Sigmund Solares Does Not Represent Her.*

On August 5, 2022, Plaintiffs took the deposition of Vivian Solares Cahill (the "**Deposition**"). At the Deposition, Vivian Solares Cahill was asked the following questions:

```
22         Q.    And when you say [you met with] "with your
attorneys"
23    who are you including in the group of your
24    attorneys?
25         A.    W. Glenn Burns, Bill Aaron, Dwayne
 1    Williams, and then in Tampa, Jeffrey Warren and
 2    Laura Labbee.
 3         Q.    And your brother is Sigmund Solares, one
 4    of the other defendants, correct?
 5         A.    Correct.
 6         Q.    Okay.  And is he your lawyer in this
 7    matter?
```

```
8        A.    Not in this matter.
```

*See* Excerpt of Draft August 5, 2022 Deposition Tr. of Vivian Solares Cahill attached as **Exhibit H** at pg. 4:22 – 5:8.

Later during the Deposition, Plaintiffs' sought to clarify the matters in which Vivian Solares Cahill considered Sigmund Solares to be her attorney. When asked in what context Cahill had received legal advice from Solares, Cahill responded "domestic things.". Ex. H at 51:10-14. When asked to explain what "domestic things" she was referring to, Cahill clarified that she was referencing Solares referring Cahill to David Vinterella to assist Cahill with a divorce in 2016 and Solares helping Cahill with a "crazy ex-boyfriend" in 1999 or 2000. *Id.* at 51:17-52:22. When counsel for Plaintiffs' inquired if Solares had acted as counsel for Cahill in any other matter, Cahill replied that while Solares had provided her informal legal advice, other than with regards to help with a "crazy ex-boyfriend", Cahill could not recall any other time where Solares was Cahill's attorney. *Id.* 53:3-22. Cahill's inability to recall any other matter was notable, as Cahill was currently being deposed in a matter where she had previously asserted that Solares was her attorney, but had not included him within her list of attorneys when specifically asked about this Case and her deposition preparation.

Much to Plaintiffs' astonishment, the testimony of Vivian Solares Cahill has contradicted the basis on which Sigmund Solares and Vivian Solares Cahill have refused to produce responsive documents for the entire course of this litigation. As described below, the withheld documents must be produced because no basis has ever existed for withholding them and Sigmund Solares and Vivian Solares Cahill should be sanctioned for their baseless assertion of privilege for nearly a year.

**Argument**

It is the burden of the party invoking the attorney client privilege to demonstrate the existence of an attorney client relationship *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987). This requires the party seeking to invoke the privilege demonstrate that they are, or sought to become a client of the attorney through which they are claiming the privilege. *See U.S. v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990)(noting that the first element to establish a claim of attorney client privilege is "the asserted holder of the privilege is or sought to become a client.")

Here, Vivian Solares Cahill's testimony has unequivocally established that Vivian Solares Cahill was not and is not a client of Sigmund Solares with respect to the communications or documents at issue.

The testimony of Vivian Solares Cahill under oath at her deposition not only contradicts the position taken by Sigmund Solares and Vivian Solares Cahill in Court for nearly a year, but also contradicts the filings used to oppose Plaintiffs' Crime Fraud Motion. The conduct of Sigmund Solares and Vivian Solares Cahill not only represents an egregious abuse of the discovery process, but conclusively demonstrates that Vivian Solares Cahill cannot establish her burden for withholding documents because she is not a client of Sigmund Solares.

**Conclusion**

In an attempt to prevent Plaintiffs' from receiving documents and communications to which they are entitled, Solares and Cahill manufactured their ever-changing, false basis to assert an attorney-client privilege over responsive documents and communications, including lying to the Court and parties to oppose Plaintiffs' Crime Fraud Motion. The testimony of Vivian Solares

Cahill not only demonstrates that there is simply no basis for the asserted privilege, but further shows the fraud highlighted in Plaintiffs' Crime Fraud Motion.

Counsel for the Plaintiffs certifies that they attempted in good faith to confer with counsel for Sigmund Solares and Vivian Solares Cahill prior to filing this Motion to Compel and despite the clear testimony, Plaintiffs have not received further production of documents withheld on the basis of this non-existent privilege.

WHEREFORE, Plaintiffs respectfully request the Court: (1) Grant the Motion to Compel; (2) require the immediate production of all documents and communications withheld by Sigmund Solares and Vivian Solares Cahill on the basis of an attorney client relationship between them; (3) award Plaintiffs' the fees and costs incurred in having to not only bring this Motion to Compel, but incurred in having to litigate the baseless assertion of privilege over the prior year; (4) require Vivian Solares Cahill and Sigmund Solares to produce all communications and documents between them which were created since the filing of the instant litigation; (5), explicitly reserve the right to impose additional sanctions for abuse of the discovery process pursuant to Federal Rule of Civil Procedure 37; and (6) for all such further relief as the Court deems to be just and proper.

Dated: August 15, 2022                                Respectfully submitted,

| **UNDERWOOD MURRAY, P.A.** | **CARLTON FIELDS, P.A.** |
|---|---|
| /s/ Scott A. Underwood | /s/ Donald R. Kirk |
| Scott A. Underwood (FBN 0730041) | Donald R. Kirk (FBN 0105767) |
| 100 North Tampa Street, Suite 2325 | P.O. Box 3239 |
| Tampa, FL 33602 | Tampa, FL 33601-3239 |
| Tel: (813) 540-8402 / Cell: (813) 992-8148 | Tel: (813) 223-7000 |
| Fax: (813) 553-5345 | Fax: (813) 229-4133 |
| Email: sunderwood@underwoodmurray.com | E-mail: dkirk@carltonfields.com |
| | |
| *Attorneys for DNC Holdings, Inc., Domain Apps, LLC, DOM Holdings, Inc., and Vernon Decossas* | *Attorneys for Gregory G. Faia* |

### FILER'S ATTESTATION

Pursuant to Local Rule 1001-2(g)(3) regarding signatures Scott A. Underwood attests the concurrence in the filing of this paper has been obtained.

/s/Scott A. Underwood
Scott A. Underwood

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on August 15, 2022, including the United States Trustee, who is registered to receive electronic notices in this case, and to the following via first class U.S. mail on August 15, 2022.

Larry S. Hyman, CPA
P.O. Box 18625
Tampa, FL, 33679

/s/ *Scott A. Underwood*
Scott A. Underwood

11