# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:19-bk-08638-CPM |
| THE PRODUCERS, INC., | Chapter 11 |
|     Debtor. _____/ | |
| GREGORY FAIA; *et al.*, | |
|     Plaintiffs, | |
| v. | Adv. No. 8:21-ap-00333-CPM |
| SIGMUND SOLARES; *et al.*, | |
|     Defendants. _____/ | |

**PLAINTIFFS' RESPONSE TO
VIVIAN SOLARES CAHILL'S MOTION TO STRIKE
THE FD PARTIES' MOTION TO COMPEL AND FOR SANCTIONS**
(Doc. No. 217)

Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC's (collectively the "**Plaintiffs**") hereby file this Response to Vivian Solares Cahill's Motion to Strike the FD Parties' Motion to Compel and for Sanctions (Doc. No. 217) ("**Response**"). In furtherance thereof, Plaintiffs state:

**Preliminary Statement**

Since the present adversary proceeding was filed, Plaintiffs have questioned the alleged timing and scope of an asserted attorney-client relationship between Sigmund Solares ("**Solares**") and Vivian Solares Cahill ("**Cahill**"). Plaintiffs' skepticism regarding the asserted attorney client relationship between Solares and Cahill has been well known to their respective

.

counsel and has been the subject of countless good faith conferrals between counsel for Plaintiffs and counsel for Solares and Cahill dating to October of 2021.

Most recently, Plaintiffs' spoke via telephone with counsel for Solares prior to filing the Motion to Compel, who Plaintiffs previously understood to be the main point of contact for the privilege dispute.[1] Notably, Solares's counsel was the first to assert privilege on Cahill's behalf, first tried to define the scope of the representation, filed the Solares declaration, and with whom the Plaintiffs have spent the greatest amount of time conferring regarding the alleged privilege.

Plaintiffs' further attempted to confer with the self-described lead counsel for Cahill, who attended both her deposition and mediation on her behalf. Despite being in the same space for mediation, with their client in their presence, Cahill and her counsel did not opt to respond to communications or engage in discussions to confer at that time.

As a result of Plaintiffs' continual attempts to meet and confer with Cahill as to her asserted attorney-client privilege with Sigmund Solares, the Motion to Strike and for Sanctions should be denied.

## Background

A. *Conferral Regarding Assertion of Privilege Between Sigmund Solares and Vivian Solares Cahill Prior to Deposition of Vivian Solares Cahill*

On October 13, 2021 Cahill filed her Motion to Quash Subpoenas to Produce Documents and for Protective Order (Main Case Doc. No. 727)[2] ("**Cahill Motion to Quash**"). Plaintiffs filed their Response to Motion to Quash Subpoenas to Produce Documents and for Protective Order (Main Case Doc. No. 744) ("**Response to Cahill Motion to Quash**") on October 18, 2021. It was in Plaintiffs' Response to Cahill Motion to Quash that Plaintiffs' first questioned

---

[1] Presumably, this telephonic conferral with Solares' counsel is the reason Solares has not moved to strike.
[2] Citations to "Main Case Doc. No." refer to docket entries in Case No. 8:19-bk-08638-CPM pending in the United States Bankruptcy Court for the Middle District of Florida

2

the asserted privilege between Solares and Cahill, noting that the Cahill Motion to Quash "fail[ed] to present the particular and specific demonstration of facts necessary for the Court to issue a protective order" based on the existence of a privilege. (Main Case Doc. No. 744).

Plaintiffs then asked for clarification regarding the relationship between Solares and his sister, Cahill on October 29, 2021 from counsel for Solares, after Solares withheld documents premised on the assertion of an attorney-client relationship between himself and Cahill.

Counsel for Solares took the conferral lead regarding the asserted privilege. After meeting and conferring with counsel for Solares regarding the need for further descriptions of the newly asserted privilege between Solares and Cahill, Plaintiffs filed their Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner (Doc. No. 24) ("**First Motion to Compel**"). As noted by Solares, the primary issues raised in the First Motion to Compel was the inadequate explanation of various privilege asserted by Solares, including between Solares and Cahill. *See* Doc. No. 32 at ¶ 11.

After the Response to Cahill Motion to Quash and First Motion to Compel were filed, counsel for all parties held several rounds of good faith conferrals to address the issues raised in the various pleadings, including the need for further explanation regarding the asserted privileges. It was represented to Plaintiffs that Cahill would only supplement any production of Solares and would follow his privilege assertions in any privilege log.

To resolve the issues raised in the First Motion to Compel, counsel for Plaintiffs and counsel for Solares submitted their Agreed Interim Order on Plaintiffs' Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner (Doc. No. 44)("**Sigmund Discovery Order**"), which was entered by the Court on December 3, 2021. Similarly, Plaintiffs and counsel for Cahill submitted their Agreed Interim Order on Motion to Quash Subpoenas and

3

for Protective Order (Main Case Doc. No. 769) ("**Vivian Discovery Order**"), which was also entered on December 3, 2021. .

The Sigmund Discovery Order established a schedule for counsel for Plaintiffs' and Solares to meet and confer. (Doc. No. 44). The Vivian Discovery Order incorporated the provisions of the Sigmund Discovery Order, with slight changes to the conferral schedule. (Main Doc. No. 769). The Vivian Discovery Order also provided that "[t]he parties reserve all rights and argument relating to issues raised in the Motion and Response not specifically addressed herein [and] the Court reserve[d] jurisdiction to reserve any such disputes, upon the filing of motion by either party requesting a determination regarding such issue." Vivian Discovery Order at ¶ 7.

Pursuant to the Sigmund Discovery Order, counsel for Plaintiffs held several further good faith meet and conferrals with counsel for Solares regarding the asserted privilege with Cahill. Among the items discussed with counsel for Solares was, again and still, the need for further explanation of the basis for the asserted attorney client relationship between Solares and Cahill. As part of the conferrals, counsel for Plaintiffs wrote to counsel for Cahill and counsel for Solares on November 10, 2021 to state that it was Plaintiffs' understanding that counsel for Solares was taking the lead on the production of documents. Counsel for Cahill then confirmed this understanding on November 18, 2021.

Plaintiffs continued their conferrals with counsel for Solares and Cahill pursuant to the Sigmund Discovery Order and Vivian Discovery Order through the end of 2021 and into January of 2022. During their conferral with counsel for Solares in December of 2021, counsel for Plaintiffs once again sought further clarification for the basis of the attorney client privilege asserted between Solares and Cahill.

Shortly thereafter, in the beginning of January 2022, counsel for Plaintiffs conferred with counsel for Cahill regarding numerous discovery items, including the need for further support for the asserted privilege claims between Solares and Cahill. In a written response to Plaintiffs on January 14, 2022, counsel for Cahill informed counsel for Plaintiffs' that Cahill was re-evaluating the assertion of privilege over 93 communications between Cahill and Solares[3] in coordination with counsel for Solares.

Eventually, after Plaintiffs, Solares, and Cahill were unable to resolve all of their privilege disputes, Solares filed his Motion for Protective Order (Crime Fraud Exception) (Doc. No. 71) ("**Sigmund Solares Crime Fraud MPO**") on January 28, 2022. Shortly thereafter, Cahill filed her Motion for Protective Order (Crime-Fraud Exception) (Main Case Doc. No. 778) ("**Cahill Crime Fraud MPO**").

Conferrals with counsel for Cahill continued into February of 2022. On February 10, 2022 counsel for Cahill informed counsel for Plaintiffs that Cahill had instructed Solares to withhold drafts of the demand letters sent to Plaintiffs on Cahill's behalf on the basis of an attorney-client privilege.

Plaintiffs then filed their Response to Defendants' Sigmund Solares, Michael Gardner, Vivian Solares Cahill, and the Estate of Sandra F. Gardner's Motions for Protective Order (Doc. No. 89 and Main Case Doc. No. 786)(collectively the "**Crime-Fraud Response**") on February 18, 2022. The Crime-Fraud Response again questioned the existence of a valid basis for the assertion of an attorney client relationship between Solares and Cahill.

The Court held several hearings to consider the Sigmund Solares Crime Fraud MPO, Cahill Crime Fraud, Crime-Fraud Response, and various supplemental filings submitted by both

---

[3] Cahill did eventually produce to Plaintiffs the 93 documents referenced.

the Plaintiffs, Solares, Cahill, and the Estate of Sandra Gardner. Ultimately, the Sigmund Solares Crime Fraud MPO was taken under advisement by the Court, and the Court entered its Order Granting Vivian Solares Cahill and The Estate of Sandra Gardner's Motion for Protective Order (Crime-Fraud Exception) (Main Doc. No. 825) ("**Order Granting Cahill Crime-Fraud MPO**").

B.   *Attempts at Conferral After the Deposition of Vivian Solares Cahill*

Cahill was deposed on Friday August 5, 2022 (the "**Deposition**"). In attendance at the Deposition was Cahill's self-described lead counsel, Glenn Burns and his colleague William D. Aaron, Jr. On August 10, 2022, the Wednesday following the Deposition, counsel for the Plaintiffs e-mailed counsel for Cahill (including her lead counsel, Mr. Burns) and counsel for Solares (including Mr. Gallagher) requesting the immediate production of documents withheld under the prior assertions of attorney-client privilege between Solares and Cahill (the "**August 10 Email**") based on Cahill's testimony at the Deposition. Plaintiffs' stated their intention to bring the matter to the Court' attention later that same week if no resolution was reached by the end of the week.

The next day, August 11, 2022, counsel for all parties convened at the office of Carlton Fields P.A. for a scheduled mediation in this case (the "**Mediation**"). During the course of the day on August 11, 20211, counsel for Plaintiffs spoke via telephone with counsel for Solares regarding the issues raised in Plaintiffs' August 10 Email. Plaintiffs also received a response from Cahill's local counsel on August 11, 2022, stating their intention to respond to the issues raised in the August 10 Email the following Monday. Cahill's lead counsel, Mr. Burns, did not acknowledge the August 10 Email or otherwise raise the August 10 Email to counsel for

Plaintiffs while in Tampa, FL for the Mediation with each of Solares and Cahill physically present.

On August 12, 2022, counsel for Solares requested that Plaintiffs' provide the deposition excerpts that were referenced in the August 10 Email, and noted that Mr. Burns, who was copied on the August 10 Email and all subsequent emails, would be unable to comment on the privilege issues raised by Plaintiffs until Monday August 15, 2022, notwithstanding fact that (a) Mr. Burns continued to communicate with counsel for Plaintiffs throughout that day and weekend; and (b) Mr. Burns and Solares were physically present during the deposition testimony where Cahill disavowed any attorney-client relationship between her and Solares.

After hearing nothing more from counsel for either Solares or Cahill, Plaintiffs filed their Motion to Compel Production from Sigmund Solares and Vivian Solares Cahill of Improperly Withheld Documents (Doc. No. 205) ("**Motion to Compel**") on Monday, August 15, 2022 at approximately 2:00 pm.

Cahill's lead counsel, Mr. Burns, did not respond to or otherwise acknowledge the August 10 email until Tuesday, August 16, 2022. And Cahill's local counsel was not able to provide a response until Thursday, August 18, 2022, after he had had the opportunity to confer with his lead counsel in Louisiana. It was not until Thursday, August 18, 2022, that local counsel for Cahill suggested that another meet and confer on the privilege issues raised in the Motion to Compel take place the following week, to which counsel for the Plaintiffs agreed.

After conducting yet another meet and confer regarding the running privilege dispute, which demonstrated an inability to resolve the issue that was consistent with Cahill's approach of initially refusing to respond, Cahill filed her Motion to Strike the FD Parties' Motion to Compel and for Sanctions (Doc. No. 217) ("**Motion to Strike and for Sanctions**"). Notably absent is

any reference to the likely (and actual) result of conferral if Cahill's lead counsel was willing to timely engage[4] with counsel for Plaintiffs, an impasse.[5]

The Motion to Strike and for Sanctions seeks to strike the Motion to Compel, and sanction Plaintiffs, for their alleged failure to confer in good faith with counsel for Cahill prior to filing the Motion to Compel.  However, as explained herein, Plaintiffs have satisfied the conferral requirements of Local Rule 7001-1 and 7026-1 given the numerous good faith conferrals with counsel regarding the asserted attorney-client privilege between Solares and Cahill over the prior year, as well as conferral with Solares' counsel (who previously took the lead in this regard) and reasonable efforts to confer with Cahill's counsel.

## Argument

Local Rule 7001-1(j)(4) requires, that prior to bringing a discovery dispute before the Court "the parties shall first, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037, confer in good faith to attempt to resolve the issues.".  To not only comply with the requirements of the Local Rules, Federal Rules of Bankruptcy Procedure, and Federal Rules of Civil Procedure, but to facilitate the resolution of discovery disputes without the need for Court  intervention, Plaintiffs' have conducted countless meet and confer sessions with counsel for Cahill, and counsel for Solares to discuss the very issue raised in the Plaintiffs' Motion to Compel -- the asserted attorney-client relationship between Solares and Cahill.  While Plaintiffs have been largely successful in resolving many discovery issues without Court intervention, the dispute over the existence of an attorney-client relationship between Solares and Cahill is one that has lingered since the questionable privilege was first asserted in October of 2021.

---

[4] The ability of Plaintiffs to timely engage with lead counsel for Cahill and Solares was critical given the imminent approach of further depositions.
[5] It should be noted that the issues raised in Plaintiffs' August 10 Email did not involve an issue unique to bankruptcy law.

Notwithstanding the previous conferrals with counsel for Cahill and Solares, prior to filing the Motion to Compel, counsel for Plaintiffs' once again reached out to counsel for Cahill and counsel for Solares via email. Counsel for Plaintiffs then spoke via telephone with counsel for Solares, prior to filing the Motion to Compel (notably, several documents are being withheld by Solares) based on Plaintiffs' prior conferrals and Solares' filings on this topic.

On Friday, August 12, 2022 and Saturday August 13, 2022, lead counsel for Cahill, who had attended the Deposition, requested that Plaintiffs provide the entire Deposition transcript for his review.[6] Yet, made no mention of the underlying issues raised in Plaintiffs' original August 10 Email or when he proposed providing a response to Plaintiffs.

After hearing nothing more from counsel for Cahill or Solares pertaining to the issues raised in the August 10 Email, Plaintiffs filed their Motion to Compel around 2:00 pm on August 15, 2022. It was not until August 16, 2022 that lead counsel for Cahill responded to the items contained in Plaintiffs' August 10 Email, and not until August 18, 2022, after he had first consulted with lead counsel, did local counsel for Cahill respond and suggest a further meet and confer.

Unlike the situation faced by the court in *In re Sherwood Invs. Overseas Ltd., Inc.*, No. 6:1-AP-00158-KSJ, Doc. No. 196 (Bankr. M.D. Fla. March 10, 2014), Plaintiffs have engaged in much more than preliminary discussions related to the disputed attorney-client relationship between Solares and Cahill. As is borne out by the record in this case, Plaintiffs' have gone to great lengths to confer with Cahill and Solares regarding this precise subject. Plaintiff's counsel estimates that the number of hours conferring on this topic exceeds a full business day at this point.

---

[6] Plaintiffs had previously provided the relevant excerpts for counsel for Sigmund Solares and Vivian Solares Cahill to review.

Contrary to the position asserted in the Motion to Strike and for Sanctions, the instant dispute is unfortunately one of the rare "truly justiciable discovery issue[s] requiring thoughtful consideration and resolution by the Court which the parties, have tried, *in good faith*, to resolve before requesting the Court's intervention. *In re Camferdam*, 2019 WL 3316133, *2 (Bankr. M.D. Fla. Mat 15, 2019)(emphasis in original).

Plaintiffs have attempted to further confer in good faith with counsel for Cahill and Solares prior to filing their Motion to Compel. However, despite good faith efforts by counsel for all parties, there remains a fundamental difference of view that requires the Court's involvement to resolve.

Last, prior to any response or hearing on this matter, Plaintiffs continued to confer with Cahill and Solares. To that end, the need for a ruling from the Court remains as no resolution (or even partial resolution) was possible as Cahill still maintains that her denial of any attorney-client relationship during her deposition does not impact her asserted privilege.

### **Conclusion**

In conclusion, Plaintiffs have participated in several good faith conferrals with counsel for Cahill and Solares to attempt to resolve the disputed assertion of attorney-client privilege between Cahill and Solares both prior to, and following, the deposition. And while one of Cahill's local counsels may have been unavailable on August 10, 2022, her lead counsel, who now appears to be the relevant attorney for this instant privilege issue, was available, present with his client, and in the same building as Plaintiffs' counsel, yet refused to acknowledge this issue.

WHEREFORE, Plaintiffs respectfully request the Court: (1) deny the Motion to Strike and for Sanctions; (2) award Plaintiffs their fees and costs incurred in responding to the Motion

to Strike and for Sanctions; and (3) for all such further relief as the Court deems to be just and proper.

Dated: August 31, 2022               Respectfully submitted,

| **UNDERWOOD MURRAY, P.A.** | **CARLTON FIELDS, P.A.** |
|---|---|
| /s/ Scott A. Underwood | /s/ Donald R. Kirk |
| Scott A. Underwood (FBN 0730041) | Donald R. Kirk (FBN 0105767) |
| 100 North Tampa Street, Suite 2325 | P.O. Box 3239 |
| Tampa, FL 33602 | Tampa, FL 33601-3239 |
| Tel: (813) 540-8402 / Cell: (813) 992-8148 | Tel: (813) 223-7000 |
| Fax: (813) 553-5345 | Fax: (813) 229-4133 |
| Email: sunderwood@underwoodmurray.com | E-mail: dkirk@carltonfields.com |
| *Attorneys for DNC Holdings, Inc., Domain Apps, LLC, DOM Holdings, Inc., and Vernon Decossas* | *Attorneys for Gregory G. Faia* |

## FILER'S ATTESTATION

Pursuant to Local Rule 1001-2(g)(3) regarding signatures Scott A. Underwood attests the concurrence in the filing of this paper has been obtained.

/s/Scott A. Underwood
Scott A. Underwood

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on August 31, 2022, including the United States Trustee, who is registered to

receive electronic notices in this case, and to the following via first class U.S. Mail on August 31, 2022:

Larry S. Hyman, CPA
P.O. Box 18625
Tampa, FL, 33679

                                            /s/ *Scott A. Underwood*
                                            Scott A. Underwood