# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:                                                  Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,                                    Chapter 11

      Debtor.

_____/

GREGORY FAIA; *et al.,*

      Plaintiffs,

v.                                                      Adv. No. 8:21-ap-00333-CPM

SIGMUND SOLARES; *et al.,*

      Defendants.

_____/

**PLAINTIFFS' REPLY TO
(I) VIVIAN SOLARES CAHILL'S RESPONSE
OPPOSING THE FD PARTIES' MOTION TO COMPEL
AND (II) SIGMUND SOLARES AND MICHAEL GARDNER'S
RESPONSE OPPOSING THE FD PARTIES MOTION TO COMPEL**
(Doc. Nos. 218, 216, 205)

      Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC's (collectively the "**Plaintiffs**") hereby file this Reply to (I) Vivian Solares Cahill's Response Opposing the FD Parties Motion to Compel; and (II) Sigmund Solares and Michael Gardner's Response Opposing the FD Parties Motion to Compel ("**Reply**"). In furtherance thereof, Plaintiffs state:

## Background

Plaintiffs filed their Motion to Compel Production from Sigmund Solares and Vivian Solares Cahill of Improperly Withheld Documents (Doc. No. 205) ("**Motion to Compel**") on August 15, 2022, seeking disclosure of communications claimed as privileged following Cahill's Testimony at her deposition, held on August 5, 2022 (the "**Deposition**"), where she testified that her brother, Sigmund Solares has not been her counsel regarding this matter.

Cahill filed her Response Opposing the FD Parties Motion to Compel (Doc. No. 216) ("**Cahill Response**") on August 25, 2022.  The Cahill Response makes the perplexing argument that Cahill's testimony is simultaneously (a) consistent with her and Solares' prior statements that Solares was her attorney, yet also (b) will be subject to material and substantive edits in a forthcoming errata sheet to fix this same, seemingly perfect, testimony.

Similarly, on August 25, 2022 Solares and Michael Gardner filed their Response Opposing the FD Parties Motion to Compel (Doc. No. 218) ("**Solares Response**").[1]  The Solares Response also argues that Cahill's testimony was consistent with her continued assertion of attorney-client privilege with her brother, while also pre-emptively arguing that a material, substantive change to Cahill's errata sheet should be appropriate.

Neither Response addresses the very certain statements by Solares and Cahill regarding an attorney-client relationship in filings before this Court, communications with Plaintiffs, and in privilege logs that Cahill completely refuted during her deposition.  No material and substantive errata sheet edits after the fact, even if permissible – which they are not -- can change her actual live testimony disavowing the alleged representation.

---

[1] Plaintiffs are unsure why Michael Gardner joined in the Solares Response, as no relief has been sought against Michael Gardner in the Motion to Compel, unless he too has failed to produce responsive documents under a claim of attorney-client privilege with Cahill.

## Argument

As an initial matter, notwithstanding the Cahill Response's attempt to minimize the documents at issue, there are more than 10 documents claimed under the asserted Solares-Cahill attorney-client privilege. The reason is that, in addition to documents identified on Cahill's privilege logs, there are documents contained on Solares's privilege logs that have been withheld at the direction of Cahill. For example, draft demand letters and related communications in the possession of Solares have been withheld at Cahill's request.[2] This is consistent with the approach to discovery responses Solares and Cahill took dating back to 2021, where Solares would initially produce responsive materials and assert privileges, with Cahill merely supplementing Solares's production.

Furthermore, the **_full_** testimony relied on by Cahill as an additional basis for withholding relevant documents and communications, i.e. that Solares's asserted role was a necessary intermediary and facilitator, undercuts the claimed necessity. On Page 37 of the Deposition transcript, which was not included in the Cahill Response, Cahill makes clear that she speaks directly with her own counsel and does not utilize her brother or need him to be her intermediary. She stated "All [her] communication to Mr. Burns is either me or Michael Gardner" and that she communicates with Mr. Burns "weekly" *See* Excerpt of Deposition Tr. attached as **Exhibit A** at pg. 37:1-24. Tellingly, Cahill did not know how frequently Solares communicated with Mr. Burns, but he is generally not involved in her communications. *Id.* at pg., 37:1-3.[3]

---

[2] For example, communications between from Cahill to Solares dates  July 20, 2021 described as related to "the Options" have been withheld based on Solares's asserted role as "attorney or facilitator".  Similarly, communications from Solares to Glenn Burns described as "Discussion of the options signed in 2011 and 2012" and dated August 20, 2021 have been withheld under an assertion of "work or attorney" privilege. And communications described as "Draft pleadings for future lawsuit" sent from Solares to Mr. Burns  on August 10, 2021 have been withheld under a claim of "work or attorney privilege".

[3] While this privilege theory is not supported by legal argument of Cahill, it does seem that to the extent a Court has ever recognized this theory, the non-attorney must have been "reasonably ***necessary*** for the effective representation

Last, the failure of either the Cahill Response or Solares Response to address the full scope of Cahill's testimony cited in the Motion to Compel, coupled with the pre-emptive argument in favor of permitting a substantive, material change to Cahill's testimony via errata sheet most effectively demonstrates the strength of Plaintiffs' Motion to Compel.[4]

If the testimony was truly consistent, then there is no need to make material, substantive changes via errata sheet. However, as implicitly recognized by Cahill, her latest testimony is flatly contradictory with the testimony contained in the Declaration of Vivian Solares Cahill in Support of Motions for Protective Order (Attorney Engagement and Payment Information) filed on January 31, 2022 (the "**Jan 31 Cahill Declaration**") where she stated:

> "I, along with Estate of Sandra Gardner, engaged my brother, Sigmund Solares ("Mr. Solares"), to advise us concerning investigating, evaluating, and pursuing claims and potential litigation to be filed by us against Gregory Faia, Vernon Decossas, and others with regard to the options held and exercised by me and the Estate in three companies owned by Mr. Faia and Mr. Decossas- DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC…[and] **[i]n his capacity as our counsel**, Mr. Solares has coordinated, facilitated, and/or participated in the retention of additional counsel – Barton Mercer, William Silvey, and Glenn Burns – to assist with exercising the options and investigating, evaluating, and/or pursuing claims against the FD Parties and has advised, consulted, with, and/or participated in investigating, evaluating, and/or pursuing the claims and formulating legal strategy."

(Main Case Doc. No. 776-1) (emphasis added)[5].

The testimony of Cahill is also inapposite to the statements contained in Vivian Solares Cahill and the Estate of Sandra Gardner's Reply to Plaintiffs' Response to Motion for Protective

---

[4] of the client." *Diamond Resorts U.S. Collection Development LLC v. U.S. Consumer Attorneys, P.A.*, 519 F.Supp.3d 1184, 1200 (S.D. Fla. 2011) (emphasis added). Here, Cahill has clarified that her brother is not necessary at all for her effective representation by counsel.

[4] It is notable that the Cahill Response fails to address the testimony that serves as the basis for the Motion to Compel, particularly where Cahill testified that she was unable to recall any matter in which Solares has represented her, other than a single instance nearly two decades ago.

[5] Citations to "Main Case Doc No." refer to docket entries in Case No. 8:19-bk-08638-CPM pending in the United States Bankruptcy Court for the Middle District of Florida.

Order (Crime-Fraud Exception) (Main Case Doc. No. 788) where Cahill argued that the attorney client privilege between Solares and the Estate of Sandra Gardner had been established by arguing "Mr. Gardner has submitted a declaration **averring he and Ms. Cahill engaged Mr. Solares to advise them concerning investigating, evaluating, and pursuing claims and potential litigation to be filed against the FD Parties with regard to the options held by his mother and Ms. Cahill in three  companies owned by Mr. Faia and Mr. Decossas, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC**." (Main Case Doc. No. 788 at ¶ 2) (emphasis added).

The testimony also contradicts the testimony of Sigmund Solares contained in the Declaration of Sigmund Solares in Support of Defendants' Michael Gardner and Sigmund Solares, Second Motion for Protective Order (Attorney Engagement and Payment Information), which contains a nearly identical representation. *See* Doc. No. 74-2 at pg. 2.

And while Cahill is entitled to submit an errata sheet if she chooses, it will not erase the inconsistent testimony from the record.[6]

WHEREFORE, Plaintiffs respectfully request the Court: (1) Grant the Motion to Compel; (2) require the immediate production of all documents and communications withheld by Solares and Cahill on the basis of an attorney client relationship between them; (3) award Plaintiffs' the fees and costs incurred in having to not only bring this Motion to Compel, but incurred in having to litigate the baseless assertion of privilege over the prior year; (4) require Cahill and Solares to produce all communications and documents between them which were created since the filing of

---

[6] Plaintiffs disagree with Cahill's assertion that she may use an errata sheet to make wholesale substantive, material changes to her testimony. *See Norelus v. Denny's Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) ("The Amlongs submission of the novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper."). However, even if substantive changes are permitted, it will not erase the prior inconsistent statements from the record. *See De Fernandez v. Seaboard Marine, Ltd.*, 2022 WL 2304513, *5 (S.D. Fla. June 27, 2022)(allowing substantive change but noting "the original answer to the deposition questions will remain part of the record and can be read at trial…").

the instant litigation; (5), explicitly reserve the right to impose additional sanctions for abuse of the discovery process pursuant to Federal Rule of Civil Procedure 37; and (6) for all such further relief as the Court deems to be just and proper.

Dated: August 31, 2022                           Respectfully submitted,

**UNDERWOOD MURRAY, P.A.**          **CARLTON FIELDS, P.A.**

/s/ Scott A. Underwood                           /s/ Donald R. Kirk
Scott A. Underwood (FBN 0730041)        Donald R. Kirk (FBN 0105767)
100 North Tampa Street, Suite 2325       P.O. Box 3239
Tampa, FL 33602                                      Tampa, FL 33601-3239
Tel: (813) 540-8402 / Cell: (813) 992-8148   Tel: (813) 223-7000
Fax: (813) 553-5345                                 Fax: (813) 229-4133
Email: sunderwood@underwoodmurray.com   E-mail: dkirk@carltonfields.com

*Attorneys for DNC Holdings, Inc., Domain*   *Attorneys for Gregory G. Faia*
*Apps, LLC, DOM Holdings, Inc., and Vernon*
*Decossas*

## FILER'S ATTESTATION

Pursuant to Local Rule 1001-2(g)(3) regarding signatures Scott A. Underwood attests the concurrence in the filing of this paper has been obtained.

/s/Scott A. Underwood
Scott A. Underwood

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on August 31, 2022, including the United States Trustee, who is registered to receive electronic notices in this case, and to the following via first class U.S. mail on August 31, 2022.

Larry S. Hyman, CPA
P.O. Box 18625
Tampa, FL, 33679

/s/ *Scott A. Underwood*
Scott A. Underwood