UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourt.gov

| | |
|---|---|
| In re: | Case No. 8:19-bk-08638-CPM |
| THE PRODUCERS, INC., | Chapter 11 |
| Debtor. / | |
| GREGORY FAIA; *et al.,* | |
| Plaintiffs, | |
| v. | Adv. No. 8:21-ap-00333-CPM |
| SIGMUND SOLARES; *et al.,* | |
| Defendants. / | |

**PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
FROM SIGMUND SOLARES AND MICHAEL GARDNER**

Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC's (collectively the "**Plaintiffs**") hereby file this Motion To Compel Production of Documents From Sigmund Solares and Michael Gardner ("**Motion to Compel**") pursuant to Federal Rule of Civil Procedure 37 and Federal Rule of Bankruptcy Procedure 7037. In furtherance thereof, Plaintiffs state:

**Preliminary Statement**

For nearly 18 months, Plaintiffs have sought usable, and complete privilege logs from Defendants Sigmund Solares ("**Solares**") and Michael Gardner ("**Gardner**" and collectively with Solares the "**Defendants**") to allow Plaintiffs to evaluate the appropriateness of Defendants' refusal to produce thousands of relevant documents, including a substantial number of

.
8559188.DOCX

communications solely between Solares and Gardner. After reviewing the "corrected" privilege log provided by Defendants' following a year of costly "crime fraud privilege" litigation over Solares's now admitted fake claim that he was Gardner's lawyer, Plaintiffs identified hundreds of documents, which per the latest privilege log provided by Defendants, did not fall under any applicable privilege and conferred with counsel for Defendants regarding their production. More than a month since counsel for the Defendants' agreed to begin producing the identified documents, Defendants have not produced a single document.

At some point, this Court must hold Solares and Gardner accountable for what can only be regarded as a conscious disregard for discovery rules and this Court's time and resources. Otherwise, Solares and Gardner will continue to waste that time and resources without concern of repercussions.

Therefore, Plaintiffs' respectfully request the Court enter an order compelling Solares and Gardner to comply with their ongoing discovery obligations.

## Background and Request for Relief

On March 21, 2023 this Court directed counsel for Mr. Solares and Mr. Gardner to provide to Plaintiffs an updated privilege log (the "**Finalized Privilege Log**"), setting forth sufficient information for Plaintiffs to evaluate the assertion of privilege by Mr. Solares and Mr. Gardner over large swaths of documents. The Finalized Privilege Log was to be provided to the Plaintiffs within 30 days of March 21, 2023.

On April 28, 2023, after receiving an extension of the Court imposed deadline from Plaintiffs, counsel for Mr. Solares and Mr. Gardner provided Plaintiffs with the Finalized Privilege Log. Counsel for the Plaintiffs requested an initial meet and confer with counsel for the Defendants regarding the creation of the Finalized Privilege Log.

On May 1, 2023 counsel for Plaintiffs held an initial meet and confer with counsel for Mr. Solares and Mr. Gardner to confirm that the Finalized Privilege Log was created by counsel for Mr. Solares and Mr. Gardner.  After receiving such confirmation, counsel for Plaintiffs reviewed the Finalized Privilege Log and sent a letter to counsel for Mr. Solares and Mr. Gardner on May 3, 2023 (the "**May 3 Letter**" attached hereto as **Exhibit A**).

The May 3 Letter requested three categories of documents that Plaintiffs assert are not privileged based on the information contained in the Finalized Privilege Log and the requirements of the Standing Order Regarding Privileged and Protected Information ("**Standing Order**") incorporated into this proceeding by the Court's Agreed Interim Order on Plaintiffs' Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner (Doc. No .44) ("**Agreed Discovery Order**").

Specifically, the May 3 Letter requested Solares and Gardner to produce: (1) "any and all communications solely between Mr. Solares and Mr. Gardner listed in the [Finalized] Privilege Log where a lawyer is not specifically identified in any fashion, whether in a forward, an attachment or otherwise;"[1] (2) "redacted versions of any and all communications between Mr. Solares and Mr. Gardner that include a forward of an attorney-client communication or work product with any privileged information" with appropriate redactions for the privileged portions of such information; and (3) "any and all communications listed on the [Finalized] Privilege Log where no lawyers are identified, regardless of whether the communications are solely between Mr. Solares and Mr. Gardner." *See* Exhibit A at pg. 2.  In light of the Court's prior rulings regarding the application of the crime-fraud exception to communications between Solares and Gardner, and

---

[1] Pursuant to the Standing Order, a privilege log must contain "[t]he name and job title or capacity of the provider or author of the [p]rivileged [i]nformation." Ex. A pg. 10.

the failure to identify the attorney through which the privilege was claimed for the requested documents, Plaintiffs asserted that no privilege had been established as to these subsets of documents.

Shortly thereafter, an additional meet and confer to discuss the May 3 Letter was scheduled for May 9, 2023 (the "**May 9 Meet and Confer**"). In advance of the May 9 Meet and Confer, counsel for the Plaintiffs circulated to counsel for Mr. Solares and Mr. Gardner a color coded version of the Finalized Privilege Log, identifying the specific documents Plaintiffs were requesting in the May 3 Letter. *See* Color Coded Finalized Privilege Log attached hereto as **Exhibit B**.[2]

On May 12, 2023 counsel for Solares and Gardner informed counsel for Plaintiffs that "[l]argely, it appears that we [Solares and Gardner] will be able to conform to much of your [Plaintiffs'] request…" and proposed beginning production of documents on a rolling basis. *See* Email Chain attached as **Exhibit C**. Counsel for Solares and Gardner further requested that Plaintiffs' confirm that Plaintiffs would "not assert that production is a subject matter waiver." Counsel for Solares and Gardner then further asserted that certain items on the Finalized Privilege Log may be subjective to privileges asserted by The Producer's Inc. ("**TPI**"), Vivian Cahill ("**Cahill**"), or the Estate of Sandra Gardner ("**Gardner Estate**"). *See* Ex. C.

The morning of May 13, 2023, counsel for Plaintiffs confirmed in writing that production of a document would not be deemed a subject matter waiver. *See* Ex. C. Counsel for Plaintiffs further requested that counsel for Solares and Gardner: (1) state when the rolling production would begin; and (2) identify those documents that Solares and Gardner had asserted a claim of privilege

---

[2] For purposes of the color coded privilege log, yellow coded entries correspond to request (1) of the May 3 Letter; green coded entries correspond to request (2) of the May 3 Letter; and purple coded entries correspond to request (3) of the May 3 Letter.

over on their Finalized Privilege Log, were actually subject to a privilege held by TPI, Cahill, or the Gardner Estate. Ex. C. After failing to receive any response, counsel for Plaintiffs followed up with counsel for Solares and Gardner on May 16, 2023. Ex. C.

On May 17, 2023, counsel for Solares and Gardner responded and informed counsel for Plaintiff's that counsel was "currently working on the review and any redactions, and rolling production will begin possibly in blocks of 500 records." Ex. C. Oddly, despite informing Plaintiffs that the Finalized Privilege Log contained documents claimed as privileged by TPI, Cahill and the Gardner Estate, counsel for Solares and Gardner was either unable to or unwilling to identify any such documents. Ex. C.[3]

Fed R. Civ. P. 37(a)(3)(B)(iv) permits a party to move to compel when "a party fails to produce documents…". Sanctions pursuant to Fed. R. Civ. P. 37 are appropriate where a party's inaction or failure to timely respond to a discovery request necessitate the filing of a motion to compel. *See e.g. Cintron v. Episcopal Children Services, Inc.*, 2023 WL 3791320, * 1-2 (M.D. Fla. June 2, 2023) (awarding sanctions where party was forced to file motion to compel due to opposing party's failure to timely respond after being informed of inadequate discovery response).

As of the filing of this Motion to Compel, Plaintiffs' have not received any production of the requested documents from Solares and Gardner, nor have they received any further communication from Solares and Gardner's counsel regarding the status of the production. Furthermore, Solares and Gardner have not filed a motion for protective order in response to the May 9 Meet and Confer within the time required by the Standing Order, as incorporated by the

---

[3] Plaintiffs remain flummoxed as to how Solares and Gardner have asserted that certain documents on their Finalized Privilege Log are in fact, claimed as privilege by a separate party, but are at the same time, unable to articulate or identify what those documents are.

8559188.DOCX

Agreed Discovery Order. As a result, any potential objection to the requests contained in the May 3 Letter should be considered waived.

Accordingly, Plaintiffs must unfortunately once again seek relief from this Court to compel Solares and Gardner to comply with their discovery obligations and to produce the documents identified on the May 3 Letter, as previously agreed by their counsel. Plaintiffs further request the Court award sanctions in the amount of Plaintiffs' reasonable fee's incurred in having to file the instant Motion to Compel, which was necessitated due to Defendants' failure to respond.

Undersigned counsel certifies that they have conferred with counsel for Sigmund Solares and Michael Gardner in good faith prior to filing this Motion to Compel.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) enter an order requiring Solares and Gardner to produce the documents requested in the May 3 Letter within 14 days of entry of an order granting this Motion to Compel; (2) award the Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this Motion to Compel pursuant to Fed. R. Civ. P. 37; and (3), and for all such further relief as the Court deems to be just and proper.

Dated: July 3 2023                             Respectfully submitted,

| **UNDERWOOD MURRAY, P.A.** | **CARLTON FIELDS, P.A.** |
|---|---|
| /s/ Adam M. Gilbert | /s/ Donald R. Kirk |
| Scott A. Underwood (FBN 0730041) | Donald R. Kirk (FBN 0105767) |
| Adam M. Gilbert (FBN 1011637) | P.O. Box 3239 |
| 100 North Tampa Street, Suite 2325 | Tampa, FL 33601-3239 |
| Tampa, FL 33602 | Tel: (813) 223-7000 |
| Tel: (813) 540-8402 / Cell: (813) 992-8148 | Fax: (813) 229-4133 |
| Fax: (813) 553-5345 | Email: dkirk@carltonfields.com |
| Email: sunderwood@underwoodmurray.com | |
|         agilbert@underwoodmurray.com | *Attorneys for Gregory G. Faia* |

*Attorneys for DNC Holdings, Inc., Domain Apps, LLC, DOM Holdings, Inc., and Vernon Decossas*

**FILER'S ATTESTATION**

Pursuant to Local Rule 1001-2(g)(3) regarding signatures Scott A. Underwood attests the concurrence in the filing of this paper has been obtained.

/s/Adam M. Gilbert
Adam M. Gilbert

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on July 3rd, 2023.

s/ Adam M. Gilbert
Adam M. Gilbert

8559188.DOCX