# EXHIBIT A



**ATTORNEYS AT LAW**

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

Donald R. Kirk
Attorney at Law
813-229-4334 Direct Dial
dkirk@carltonfields.com

May 3, 2023

Glenn E. Gallagher, Esq.
Glenn Gallagher
7980 Bayou Drive
Largo, FL 33777
Ggallagher422@gmail.com

**Via Email and Federal Express**

-and-

Lynn Welter Sherman, Esq.
Trenam Law
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
lsherman@trenam.com

Re: In re: Faia, et al. v. Solares, et al., Adv. Pro. No. 8:21-ap-00333-CPM; Sigmund Solares and Michael Gardner's Amended Privilege Log served on April 28, 2023

Dear Mr. Gallagher and Ms. Sherman,

This letter is sent on behalf of our clients Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC ("Plaintiffs"). Thank you for producing the final version of your clients' Sigmund Solares and Michael Gardner's amended privilege log (the "Privilege Log") on April 28, 2023, eight days after the deadline of April 20, 2023. After eighteen months of litigation with respect to discovery of the documents and communications at issue in the Privilege Log, Plaintiffs presume this is what your clients consider the final version of the Privilege Log related to the entries that we shaded in yellow at docket entry 89, which we deemed subject of a crime fraud challenge. We understand your client believes this Privilege Log complies with Judge McEwen's mandate as to these challenged documents and U.S. Magistrate Judge Gregory J. Kelly's *Standing Order Regarding Privileged and Protected Information* (the "Standing Order"), as agreed to in the enclosed *Agreed Interim Order on Plaintiffs' Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner* [Doc. 44] (the "Agreed Order"). We reserve all rights as to whether the Privilege Log complies with these requirements.

I. **Demand for Production**

May 3, 2023
Page 2

Based on our initial review of the Privilege Log, Plaintiffs make the following demands:

1. <u>On or before May 10, 2023, produce any and all communications solely between Mr. Solares and Mr. Gardner listed in the Privilege Log where a lawyer is not specifically identified in any fashion, whether in a forward, an attachment, or otherwise.</u>  Pursuant the Standing Order, "[a]ll privilege logs must contain . . . [t]he name and job title or capacity of the provider or author the Privileged Information[1] . . . ."[2]  Since there is no attorney-client privilege between Mr. Solares and Mr. Gardner, any communication withheld on the basis of the common interest doctrine must contain attorney client or work product communications and identify the provider or author of that attorney-client communication or work product; the communication then must further a common legal interest in connection with the identified attorney-client communication or work product. Communications between Mr. Solares and Mr. Gardner that do not include such an attorney-client communication or work product are not privileged and must be produced.  As the Court has observed, that would just be "two people talking."  A few, non-exhaustive examples of these communications are MGP-0040341 – MGP-0040343 and SSP-0075000 – SSP-0075016.

2. <u>On or before June 2, 2023, produce redacted versions of any and all communications between Mr. Solares and Mr. Gardner that include a forward of an attorney-client communication or work product with any privileged information.  You may of course redact the privileged part of the discussion.</u>  A few, non-exhaustive examples of these communications are SSP-0008105, SSP-0035934, and SSP-0035967.

3. <u>On or before May 10, 2023, produce any and all communications listed on the Privilege Log where no lawyers are identified, regardless of whether the communications are solely between Mr. Solares and Mr. Gardner.</u>  Where there is no lawyer identified, there is no privilege on which Mr. Solares and Mr. Gardner can rely upon in withholding such communication. A non-exhaustive example of such a communication is SSP-0076591.

Plaintiffs reserve the right to provide further requests as to the Privilege Log.  Please let us know if you would like a meet and confer.  Thank you.

Best regards,

Carlton Fields, P.A.

*[signature]*

Donald R. Kirk, Esq.

Underwood Murray, P.A.

/s/ Scott A. Underwood

Scott A. Underwood, Esq.

---

[1] The Standing Order defines "Privileged Information" as "information [] withheld in response to a written discovery request on the basis of privilege or the work-product protection . . . ."  *See* Standing Order, p. 1.
[2] *See* Standing Order, p. 2.

ORDERED.

Dated: December 03, 2021

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:19-bk-08638-CPM |
| THE PRODUCERS, INC., | Chapter 11 |
|     Debtor. _____/ | |
| GREGORY FAIA; VERNON DECOSSAS, III; DNC HOLDINGS, INC; DOM HOLDINGS, INC.; and DOMAIN APPS, LLC, | |
|     Plaintiffs, | |
| v. | Adv. No. 8:21-ap-00333-CPM |
| SIGMUND SOLARES; MICHAEL GARDNER; VIVIAN SOLARES CAHILL; the estate of Sandra F. Gardner; LARRY S. HYMAN, as Chapter 7 | |

127789450.1

Trustee of the bankruptcy estate of The Producers, Inc.; and THE PRODUCERS, INC.,

      Defendants.

_____/

### AGREED INTERIM ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM SIGMUND SOLARES AND MICHAEL GARDNER
(Doc. No. 24)

THIS MATTER came before the Court for a hearing on November 18, 2021 at 9:30 am upon Gregory Faia, Vernon Decossas, III, DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC's (collectively the "**Plaintiffs**") *Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner* ("**Motion**") (Doc. No. 24) and Defendants Michael Gardner and Sigmund Solares's (collectively the "**S/G Defendants**") *Response in Opposition* ("**Response**") (Doc. No. 32) thereto.

The Court, after hearing the presentation and announced agreement of counsel, noting the good faith efforts of Plaintiffs and the S/G Defendants to attempt to resolve the matters set forth in the Motion and Response, review of the record, and being otherwise duly advised in the premises, it is hereby

**ORDERED THAT**:

1.    The Motion is GRANTED IN PART AND DENIED IN PART AS MOOT as set forth below:

2.    **Initial Production**.

    a.    Privilege Log. On or before November 22, 2021, the S/G Defendants shall produce to the Plaintiffs a privilege log with respect to all materials that have been withheld under a claim of privilege relating to the initial production (the "**First Privilege Log**"). The First Privilege Log will

2

127789450.1

contain all of the information required by and otherwise comply with the Standing Order Regarding Privileged and Protected Information attached to this Order as **Exhibit A (the "Standing Order")**. In accordance with Rule 26(b)(5), Federal Rules of Civil Procedure and the Middle District of Florida discovery handbook, these descriptions must enable the Plaintiffs to assess the applicability of the privilege or protection.

b. Redaction Log. On or before November 22, 2021 the S/G Defendants shall produce to Plaintiffs a redaction log identifying all redactions and the basis for such redaction in any documents previously produced to Plaintiffs by the S/G Defendants

c. Meet and Confer. The S/G Defendants and Plaintiffs shall conduct a meet and confer (the "**First Meet and Confer**") on November 30, 2021 regarding the privilege claims contained in the First Privilege Log and any other unresolved disputes regarding the Plaintiff's Discovery raised in the Motion or Response. The date of the First Meet and Confer may be extended or modified by written agreement of the S/G Defendants and Plaintiffs without further order of the Court.

d. Post Meet and Confer. If the S/G Defendants and Plaintiffs are unable to resolve all disputes as to the First Privilege Log after the conclusion of the First Meet and Confer, the S/G Defendants shall file a motion for protective order within 14 days after the conclusion of the First Meet and Confer. The time within which the S/G/ Defendants may file a motion for protective order may be extended by written agreement of the S/G Defendants and

3

Plaintiffs without further order of the Court. Upon the filing of a motion for protective order by the S/G Defendants, Plaintiffs shall have 14 days to file a response to such motion. The deadline within which the Plaintiffs may file a response may be extended by written agreement of the S/G Defendants and Plaintiffs without further order of the Court. The Court will then set the motion for protective order for hearing.

3. **Supplemental Production.**

   a. On or before November 29, 2021, the S/G Defendants will produce to Plaintiffs all non-privileged chat, messaging, instant messaging, ephemeral, such as ChitChat, Slack, MS Teams, Skype, etc.) and any other form of communications and documents responsive to the Discovery not previously produced (the "**Supplemental Communications**").

   b. Privilege Log. Within 14 days after the production of the Supplemental Communications, the S/G Defendants shall produce a supplemental privilege log, identifying any responsive documents withheld from the Supplemental Communications under a claim of privilege (the "**Supplemental Privilege Log**"). The Supplemental Privilege Log will comply with all of the guidelines and requirements of the Standing Order. The time within which the S/G Defendants must produce the Supplemental Privilege log to Plaintiffs may be extended by written agreement of the S/G Defendants and Plaintiffs without further order of the Court.

   c. Meet and Confer. Within 10 days after the Plaintiffs' receipt of the Supplemental Privilege Log, the S/G Defendants and the Plaintiffs shall

4

hold a meet and confer, to attempt to resolve any objections or disputes as to the Supplemental Privilege Log (the "**Supplemental Meet and Confer**"). The time within which the Plaintiffs and S/G Defendants may hold the Supplemental Meet and Confer may be extended by written agreement of the S/G Defendants and Plaintiffs without further order of the Court.

d. <u>Post Meet and Confer.</u> If the S/G Defendants and Plaintiffs are unable to resolve their disputes as to the Supplemental Privilege Log after the conclusion of the Supplemental Meet and Confer, the S/G Defendants shall file a motion for protective order within 14 days of the conclusion of the Supplemental Meet and Confer. The time within which the S/G/ Defendants may file a motion for protective order may be extended by written agreement of the S/G Defendants and Plaintiffs without further order of the Court. Upon the filing of a motion for protective order by the S/G Defendants, Plaintiffs shall have 14 days within which to file a response to such motion. The deadline within which the Plaintiffs may file a response may be extended by written agreement of the S/G Defendants and Plaintiffs without further order of the Court.

4. **<u>Other matters</u>.**

   a. The parties shall meet and confer regarding all other unresolved issues raised by the Motion and Response not addressed by this Order during the First Meet and Confer. The parties reserve all rights and arguments relating to issues raised in the Motion or Response not specifically addressed herein.

5

127789450.1

6

The Court reserves jurisdiction to resolve any such disputes, upon the filing of motion by either party requesting a determination regarding such issue.

###

[Attorney Donald R. Kirk is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order]

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In Re: Privileged and Protected
Information During Non-trial
Proceedings.

                                                                                                      **Case No: 6:18-mc-20-Orl-GJK**

---

## STANDING ORDER REGARDING PRIVILEGED AND PROTECTED INFORMATION

This Order applies to privileged or protected information of all types during non-trial proceedings. To establish an orderly and efficient procedure for management of information protected against discovery, it is **ORDERED** that the parties shall adhere to the following procedures, unless and until superseded by another order:

### A. Privileged or Work-Product Protected Information

Pursuant to Federal Rule of Civil Procedure 26(b)(3) and (5), a party asserting the attorney-client privilege or work-product protection against discovery must make a particularized evidentiary showing and provide a privilege log. *See Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g*, 230 F.R.D. 688, 695 (M.D. Fla. 2005); *Craig v. Rite Aid Corp.*, No. 4:08–CV–2317, 2012 WL 426275 (M.D. Pa. Feb. 9, 2012) (addressing the burden a party claiming protection against discovery must meet with respect to the attorney-client privilege and the work-product doctrine generally). If information is withheld in response to a written discovery request on the basis of privilege or the work-product protection ("Privileged Information"), the party withholding the information or documents (the "Asserting Party") shall timely serve a privilege log upon opposing counsel and unrepresented parties. Fed. R. Civ. P. 26(b)(5)(A), 45(2)(A); Middle District Discovery Handbook (2015) at VI(A)(1). Should a party seek to redact documents, it must

specifically state the basis for each redaction within the privilege log. The privilege log shall be served simultaneously with the response to written discovery requests in which the Privileged Information is withheld. With respect to privileges or work-product protection asserted during depositions, the information required in a privilege log shall be stated on the record at the time the objection to disclosure of the Privileged Information is made.

All privilege logs must contain the following information:

a. The name and job title or capacity of the provider or author of the Privileged Information;

b. The name and job title or capacity of each known or believed recipient of the Privileged Information;

c. The date the Privileged Information was learned or prepared and, if different, the dates on which it was sent to or shared with persons other than its providers or authors;

d. The title or description of the Privileged Information;

e. The subject matter addressed in the Privileged Information;

f. The purposes for which the Privileged Information was prepared or communicated;

g. The degree of confidentiality with which the Privileged Information was treated at the time of its creation and transmission, and since;

h. The specific discovery requests to which each item of Privileged Information is responsive; and

i. The specific basis for the claim that the Privileged Information is privileged or protected from discovery.[1]

Once the Asserting Party serves the privilege log, the parties have a bilateral duty to work together to clarify and narrow the remaining issues. If the validity of the asserted privileges or

---

[1] The Court is *not* requiring the Asserting Party to disclose the contents of any privileged matter in the privilege log.

work-product protection or the scope thereof is challenged, the parties should first engage in a good faith effort to resolve the dispute without court intervention. Fed. R. Civ. P. 26(c)(1); Local Rule 3.01(g). Counsel shall meet in person to have a genuine, candid, efficient, professional, and detailed discussion that defines and narrows the specific issues as to each item of Privileged Information. During the meeting, the party challenging the asserted privilege or work-product protection (the "Challenging Party") should candidly disclose whether the information in the privilege log for each item of Privileged Information is sufficient, and, if not, why. The Asserting Party should, when able to do so, provide what information is lacking. Similarly, if the issue is not the adequacy of the privilege log, but rather a claim that a particular item is not protected because it was prepared in the ordinary course of business or disclosed beyond those who need to know it, counsel for both parties should have a detailed factual discussion about the issue in an attempt to define, narrow, and resolve it.

In short, counsel for both sides must work together to candidly exchange their positions, thoughts, and facts to see if they can come to a compromise or, if not, at least agree to narrowly define the issues and relevant facts as to each item or category of information in dispute. Failing to engage in that dialogue is not an option. The parties cannot present generalized arguments about whether or not all of the Privileged Information is privileged or protected. Nor can they request an in camera review simply because much work would need to be done before the parties could provide a proper record for the Court to decide such important issues without error.

If there is a dispute regarding a claim of privilege or work-product protection from discovery, the Asserting Party bears the burden of demonstrating that such protections apply. *Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an *evidentiary showing* based on competent evidence, and cannot be discharged by mere

conclusory or *ipse dixit* assertions." *CSX Transp., Inc., v. Admiral Ins. Co.*, Case No. 93-132-CIV-J-10, 1995 WL 855421, at *1 (M.D. Fla. July 20, 1995) (quotations omitted) (emphasis added). Because the Asserting Party knows the facts supporting the claims of privilege or protection and has the burden of proving them, if the parties are unable to resolve their dispute regarding the Protected Information, then the onus is on the Asserting Party to move for a protective order rather than requiring a motion to compel from the Challenging Party.[2]

### B. Motions for Protective Order

If disputes regarding Privileged Information remain following the good faith conference described above, then the Asserting Party must file a motion for a protective order within fourteen days after the conference. Under Rule 26(c)(1), a party moving for a protective order must show that good cause exists for the court to issue such an order "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). The Asserting Party bears the burden of demonstrating a protective order is warranted, and thus is the appropriate party to bring the motion. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011).[3]

The Court will only issue a protective order when the Asserting Party demonstrates, through evidence such as affidavits or testimony, that a privilege or the work-product protection applies. The motion for protective order shall include a memorandum of law discussing the

---

[2] Of course, there may be instances where a deposition must be taken to adequately develop the issues. In that event, the Challenging Party should proceed to take the deposition so the Court will have an adequate record to resolve any factual dispute. Should it be necessary, the Court will hold an evidentiary hearing.

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

elements of each privilege or protection asserted. It shall also include the privilege log described above.

The motion for protective order must additionally include an appendix with affidavits or other evidence upon which the Asserting Party relies to support each element of each asserted privilege or protection as well as a supporting memorandum of law. *CSX Transp., Inc.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *1, 5. The appendix shall be organized so the evidence submitted in support of the claimed privilege or protection is correlated with the information to which the evidence applies. The motion, log, and appendix must be sufficient to establish a prima facie case to support the privilege or protection for each disputed piece of Protected Information. Furthermore, generalized concerns, conclusory statements, or unsupported contentions are not sufficient reasons for entry of a protective order. *Dovin v. Nair & Co.*, No: 2:08-cv-104-FtM-29SPC, 2009 WL 10670056, at *1 (M.D. Fla. Jun. 30, 2009); *see also United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (noting that a showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").[4]

No party may submit documents for the Court's in camera review, unless the Court issues a subsequent order requesting such submissions. Only after the Asserting Party files a motion for protective order will the Court decide whether and to what extent an in camera review of the documents is appropriate. *See generally United States v. Zolin*, 491 U.S. 554, 572 (1989) (finding that "[b]efore engaging in in camera review to determine the applicability of the crime-fraud exception[,]" the court should require a sufficient basis that an in camera review may reveal

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

- 5 -

evidence establishing that the exception applies); *CSX Transp. Inc.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 ("Where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its own discretion and determine whether in camera review is appropriate under the circumstances presented.").

In response to the motion for protective order, the Challenging Party shall state with particularity the factual and legal basis why each assertion of privilege or protection should be overruled. The response may also include an appendix with affidavits or other evidence upon which the Challenging Party relies to refute each asserted privilege or protection as well as a supporting memorandum of law. The appendix shall be organized so the evidence is correlated with the information to which the evidence applies. The response and its supporting documents must be sufficient to contest the asserted privilege or protection for each disputed piece of Protected Information. Just as generalized concerns, conclusory statements, and unsupported contentions are not sufficient reasons for entry of a protective order, they are not sufficient reasons to deny entry of a protective order if asserted in response to the motion. If the Asserting Party made a sufficient showing and the Challenging Party fails to address the assertion with particularity, the Court will uphold the assertion.

The Court expects strict adherence to this Order. If the Asserting Party fails to file a motion for protective order, then the Challenging Party may file a motion to compel. In the motion to compel, the Challenging Party shall specifically certify that the Asserting Party failed to file a motion for protective order as required by this Order, which necessitated filing the motion to compel. Failure to so certify will result in the denial of a motion to compel with respect to the

assertions of privilege or protection from discovery.

**DONE** and **ORDERED** in Orlando, Florida on March 13, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE