ORDERED.

Dated: August 08, 2023

/s/ Catherine McEwen
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:  Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,  Chapter 11

    Debtor.
_____/

GREGORY FAIA; VERNON DECOSSAS, III;
DNC HOLDINGS, INC; DOM HOLDINGS, INC.;
and DOMAIN APPS, LLC,

    Plaintiffs,

v.  Adv. No. 8:21-ap-00333-CPM

SIGMUND SOLARES; MICHAEL GARDNER;
VIVIAN SOLARES CAHILL; MICHAEL
GARDNER as executor of the estate of Sandra F.
Gardner; LARRY S. HYMAN, as Chapter 7 Trustee
of the bankruptcy estate of The Producers, Inc.; and
THE PRODUCERS, INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**
**FROM SIGMUND SOLARES AND MICHAEL GARDNER**
(DOC NO. 475)

THIS PROCEEDING came before the Court for a hearing on July 21, 2023 (the "**Hearing**") for consideration of Plaintiffs' Motion to Compel Production of Documents from Sigmund Solares and Michael Gardner (Doc. No. 475) (the "**Motion**") and Sigmund Solares and Michael Gardner's Response Opposing the FD Parties' Motion to Compel (Doc. No. 482) (the "**Response**"). The Motion seeks production of the documents highlighted in yellow, green, and purple in Exhibit B of the Motion (Doc. No. 475-2) (collectively, the "**Challenged Documents**").

Having reviewed the Motion and the Response, having heard argument from counsel at the Hearing, and otherwise being fully advised in the premises, and for the reasons stated orally and recorded in open court at the Hearing,

Accordingly, it is **ORDERED THAT:**

1. The Motion (Doc. No. 475) is **GRANTED,** as set forth herein.

2. Defendants Michael Gardner and Sigmund Solares shall produce the Challenged Documents on a rolling basis in accordance with paragraphs 3 and 4 of this Order. Challenged Documents produced to Plaintiffs may be redacted in whole or in part, however, such redactions shall only be permitted to the limited extent necessary to redact content protected by the asserted attorney-client privilege or asserted work-product protection contained on the supplemental privilege log.

3. For any Challenged Document that is redacted in whole or in part, Michael Gardner and Sigmund Solares shall supplement their privilege logs to identify for each Challenged Document: (i) the name of the specific attorney or attorneys associated with the applicable privileged asserted over the content and, redactions, and (ii) a more detailed description of the basis for each claim of privilege or work product protection sufficient to establish each privilege

or work product protection claimed in accordance with the Standing Order[1]. Michael Gardner and Sigmund Solares shall produce the supplemental privilege logs at the same time as each rolling production and contain the above information as to the documents produced on that date.

    4.    Production of the Challenged Documents and supplemental privilege log with respect to the redacted portions of those documents shall be made on a rolling basis pursuant to the following schedule:

    a. 500 documents by August 4, 2023;

    b. 500 documents by August 18, 2023;

    c. 500 documents by September 1, 2023;

    d. 500 documents by September 15, 2023; and

    e. The remainder shall be produced in batches of 500 documents every two weeks thereafter until all Challenged Documents have been produced.

    5.    The production of any Challenged Documents with redactions pursuant to the terms of this Order shall not constitute a waiver of privilege or work product as to the redacted portions of the document. The production of any Challenged Document (with or without redactions) pursuant to the terms of this Order shall not constitute a waiver of privilege or work product as to any other documents concerning the same subject matter. Any supplemental privilege log descriptions provided pursuant to the terms of this Order shall not constitute a waiver of privilege or work product protection.

    6.    The Court retains jurisdiction as to all other aspects of the Motion and this Order, including as to Plaintiffs entitlement to recover their reasonable attorneys' fees and costs incurred in bringing the Motion pursuant to Fed. R. Civ. P. 37.

---

[1] As defined in the Motion.

Attorney Donald R. Kirk is directed to serve a copy of this order on any interested parties who do not receive service via CM/ECF and file a proof of service within three days of entry of this order.