IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------X
IN RE:

THE PRODUCERS, INC.
        Debtor
---------------------------------X
GREGORY FAIA, et al
        Plaintiffs
v.
SIGMUND SOLARES, et al
        Defendants
---------------------------------X

Case No. 8:19-bk-08638-CPM
Chapter 11

Adv. No. 8:21-ap-00333-CPM

U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602
Held January 17, 2023

**OPPOSITION OF VIVIAN CAHILL
AND MICHAEL GARDENER AS THE EXECUTOR
OF THE ESTATE OF SANDRA GARDENER
TO PLAINTIFFS' MOTION TO REOPEN EVIDENCE**

May it please the court:

    Vivian Cahill ("Cahill") and Michael Gardener, as executor of the estate of Sandra Gardener ("the Estate"), object to the reopening of the evidence of the "nominee" trial for the addition of the exhibits set forth in Plaintiffs' motion. Procedurally, these are inadmissible against Cahill or the Estate, as they are purportedly statements made by Sigmund Solares or Michael Gardener in his individual capacity and are not statements of the defendants in the nominee trial, nor have Cahill or the Estate consented to same. Further, all of the communications predate the demands regarding the options and the RICO litigation in Louisiana.

1

Substantively, they are inadmissible for a number of reasons. Essentially, Plaintiffs seek to re-open evidence:

(1) to introduce exhibits in the form of purported emails between Sigmund Solares and Michael Gardner, individually;

(2) against Cahill and the Estate;

(3) wherein neither Vivian Cahill nor Sandra Gardner were participants nor copied;

(4) without any testimony or cross-examination on the purported emails;

(5) because Plaintiffs insisted on going forward with the nominee trial without this purported new evidence.

Given Louisiana law, this purported new evidence is not probative because neither Vivian Cahill nor Sandra Gardner were parties or copied in the emails. If Plaintiffs were asserting that "hiriseentertainment" or "faiaassoc2" were Vivian Cahill or Sandra Gardner, then perhaps they would be probative. However, no such claim is made and, in fact, undersigned does not recollect any testimony or evidence in the nominee trial establishing who "hiriseentertainment" or "faiaassoc2" are.

Additionally, the failure of this purported new evidence not being introduced in the nominee trial is not, in any way, the fault of Cahill or the Estate. In fact, the failure is, at least in part, the fault of the Plaintiffs. As Plaintiffs acknowledge in their memorandum, they were involved in motion practice with Sigmund Solares and Michael Gardner, personally, relative to outstanding emails, not Cahill or the Estate. Cahill and the Estate were not involved in that dispute and not the subject of any crime fraud exception. Despite the ongoing dispute as to documents between Plaintiffs and Sigmund Solares and Michael Gardner, personally, it was Plaintiffs who insisted on going forward with the nominee trial. Plaintiffs refused to have that dispute resolved

before proceeding with the nominee trial, and yet now wants to try to use this purported new evidence against Cahill and the Estate.

Finally, the prejudice to Cahill and the Estate are profound. This is evident even in Plaintiffs' motion, as they brazenly attempt to use this purported new evidence, without any testimony or cross-examination on same, to attack the credibility of Vivian Cahill. Notably, this is done despite the fact that *she is not copied on the purported emails*, and Plaintiffs have produced absolutely zero evidence that Vivian Cahill ever agreed to be or knew anyone considered her to be a nominee. This is improper and the ability to re-open evidence was not intended to be use for such a purpose. These purported emails are not the emails of Cahill or the Estate. If Plaintiffs wanted to introduce evidence of third parties words or actions, they should have resolved those issues prior to and not insisted on going forward with the nominee trial.

Dated:  New Orleans, Louisiana
            September 22, 2023

AARON & GIANNA, PLC.
201 St. Charles Avenue – Suite 3800
New Orleans, LA 70170
(504) 569-1800 (telephone)
(504) 569-1801 (fax)

*S/W. Glenn Burns*
W. Glenn Burns, Esq.
Louisiana Bar No. 03698
gburns@aarongianna.com
DeWayne L. Williams, Esq.
Louisiana Bar No. 27685
dwilliams@aarongianna.com

*Counsel for Vivian Solares Cahill and Estate of Sandra F. Gardner*

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing Opposition to Motion to Reopen Evidence on all counsel of record by electronic correspondence or by depositing same in the U.S. Mail, postage prepaid, this 22nd day of September, 2023.

*S/ W. Glenn Burns*
W. Glenn Burns, Esq.
Louisiana Bar No. 03698
gburns@aarongianna.com
