UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

                                        Case No. 8:19-bk-08638-CPM

THE PRODUCERS, INC.,

                                        Chapter 11

      Debtor.
_____/

GREGORY FAIA; et al.,

      Plaintiffs,

v.

                                        Adv. No. 8:21-ap-00333-CPM

SIGMUND SOLARES; et al.,

      Defendants.
_____/

**RESPONSE OF DEFENDANTS' TO**
**PLAINTIFFS' MOTION TO REOPEN EVIDENCE**

Defendants Sigmund Solares and Michael Gardner (Mr. Solares, and Mr. Gardner) oppose the Motion to Reopen Evidence for a Narrow Limited Purpose (Doc. No. 487) ("Motion to Reopen") filed by the Plaintiffs (the "FD Parties").

**SUMMARY OF THE ARGUMENT**

1

FD Parties are demanding the reopening of the case at bar for the purpose of the evidence of the "nominee" trial for the addition of the responses set forth in plaintiffs' motion. These are inadmissible against Vivian Cahill or the Estate. Additionally, the statements made by Sigmund Solares or Michael Gardener are in their individual capacities, and they are not statements of the defendants in the nominee trial. Procedurally, these are inadmissible against Cahill or the Estate, as they are purportedly statements made by Sigmund Solares or Michael Gardener in their individual capacities and are not statements of the defendants in the nominee trial, nor have Cahill or the Estate consented to same. Further, all of the communications predate the demands regarding the options and the RICO litigation in Louisiana.

## ARGUMENT

Defendants adopt and incorporate Doc. 495 in its entirety. As noted in Doc. 495 (Opposition of Vivian Cahill and Michael Gardner as the executor of the Estate of Sandra Gardner to Plaintiffs' Motion to Reopen Evidence), substantively, Plaintiff's requests are inadmissible for a number of reasons. Essentially, Plaintiffs seek to re-open evidence to include:

(1) to introduce exhibits in the form of purported emails between Sigmund Solares and Michael Gardner, individually;

(2) against Cahill and the Estate;

(3) wherein neither Vivian Cahill nor Sandra Gardner were participants nor copied;

(4) without any testimony or cross-examination on the purported emails;

(5) because Plaintiffs insisted on going forward with the nominee trial without this purported new evidence.

Given Louisiana law, this purported new evidence is not probative, because neither Vivian Cahill nor Sandra Gardner were parties or copied in the emails. If Plaintiffs were asserting that "hiriseentertainment" or "faiaassoc2" were Vivian Cahill or Sandra Gardner, then perhaps they would be probative. However, no such claim is made, and in fact, undersigned does not recollect any testimony or evidence in the nominee trial establishing who "hiriseentertainment" or "faiaassoc2" are.

Additionally, the failure of this purported new evidence not being introduced in the nominee trial is not, in any way, the fault of Cahill or the Estate. In fact, the failure is, at least in part, the fault of the Plaintiffs. As Plaintiffs acknowledge in their memorandum, they were involved in motion practice with Sigmund Solares and Michael Gardner, personally, relative to outstanding emails, not Cahill or the Estate. Cahill and the Estate were not involved in that dispute and not the subject of any crime fraud exception. Despite the ongoing dispute as to documents between Plaintiffs and Sigmund Solares and Michael Gardner, personally, it was Plaintiffs who insisted on going forward with the nominee trial. Plaintiffs refused to have that dispute resolved before proceeding with the nominee trial, and yet now wants to try to use this purported new evidence against Cahill and the Estate.

Finally, the prejudice to Cahill and the Estate are profound. This is evident even in Plaintiffs' motion, as they brazenly attempt to use this purported new evidence, without any testimony or cross-examination on same, to attack the credibility of Vivian Cahill. Notably, this is done despite the fact that she is not copied on the purported emails, and Plaintiffs have produced absolutely zero evidence that Vivian Cahill ever agreed to be or knew anyone considered her to be a nominee. This is improper and the ability to re-open evidence was not intended to be used for such a purpose. These purported emails are not the emails of Cahill or the

Estate. If Plaintiffs wanted to introduce evidence of third parties words or actions, they should have resolved those issues prior to and not insisted on going forward with the nominee trial.

Dated:  September 25 , 2023             By: /s/ Glenn Gallagher
                                        Glenn Gallagher, Esq.
                                        Counsel for Sigmund  Solares and Michael Gardner
                                        7980 Bayou Dr.
                                        Largo, FL 33777
                                        Telephone: (813) 545-5817
                                        E-mail: Ggallagher422@gmail.com
                                        Florida Bar No. 0176540

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by US. Mail or the Court's CM/ECF System on this 25th day of September, 2023 to: Alberto Gomez, Jr., Esq., Johnson Pope Bokor Ruppel & Burns, LLP, 401 East Jackson Street, Suite 3100, Tampa,  Florida 33602; Scott A.  Underwood, Esq., Buchanan Ingersoll & Rooney, P.C., 401 E. Jackson Street, Suite 2400, Tampa,  Florida 33602; Larry S. Hyman, Chapter 7 Trustee, P.O. Box 18625, Tampa, Florida 33679; and Office of the U.S. Trustee, 501 East Polk Street, Suite 1200, Tampa, FL 33602; Ryan K French, Esq., Taylor Porter, 450 Laurel Street, 8th floor (70801) P.O. Box 2471, Baton Rouge, LA 7082;  Donald R Kirk, Esq., Carlton Fields, P.A., PO Box 3239, 4221 W. Boy Scout Blvd., #1000 (33602) Tampa, FL 33601; Adam M Gilbert, Esq., Underwood Murray, P.A., 100 North Tampa Street, Suite 2325, Tampa, FL 33602.

                                          /s/ Glenn Gallagher
                                        Glenn Gallagher, Esq.
                                        Counsel for Sigmund Solares and Michael Gardner